UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
ANDREW CREWE,

                Petitioner,

            -against-                          ORDER ADOPTING REPORT
                                                            AND RECOMMENDATION
MICHAEL CAPRA, Superintendent,
Sing Sing Correctional Facility,                    15-CV-5868 (CS) (PED)

                Respondent.
------------------------------------------------------x

Seibel, J.

      Before the Court are Petitioner's objections, (Docs. 25, 25-1), to the Report and Recommendation of United States Magistrate Judge Paul Davison ("R&R"), (Doc. 23), recommending that this Court grant Respondent's motion to dismiss Petitioner's application for a writ of *habeas corpus* as untimely. The Court assumes the parties' familiarity with the underlying facts, the procedural history of the case, the R&R and the standards governing petitions pursuant to 28 U.S.C. § 2254.

      A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350,

352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Magistrate Judge Davison recommended that the Petition be dismissed as time-barred because it was filed almost four years after the one-year limitations period under 28 U.S.C. § 2254(d) expired; neither statutory nor equitable tolling was appropriate; and Petitioner had made no showing of actual innocence. (R&R at 7-10.)

Petitioner first objects – presumably in response to the R&R's statement that equitable tolling requires that Petitioner have been pursuing his rights diligently and that some extraordinary circumstance prevented timely filing, (*id.* at 6 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)) – that he has been diligently pursuing his rights, including through the filing of a petition for a writ of error *coram nobis* in state court. (Doc. 25 at 1-2.) The problem with this argument is that that petition was not filed until almost two years after his conviction became final and almost a year after the limitations period under § 2254 had run. So Petitioner was not diligent during the one year he had to file his § 2254 petition. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012) (events after statute of limitations had already run are

2

irrelevant to equitable tolling); *Bolin v. Grounds*, No. 11-CV-256, 2011 WL 1692149, at *5 (C.D. Cal. Apr. 15, 2011) (no equitable tolling for periods after statute of limitations expired), *report and recommendation adopted*, 2011 WL 1672033 (C.D. Cal. May 4, 2011).[1] Nor does the fact that he did not have his trial transcript exempt him from the statute of limitations, as he argues. (Doc. 25 at 2-3.) Petitioner does not address the ample authority, cited by the Magistrate Judge, (R&R at 9), to the effect that lack of a transcript does not constitute an extraordinary circumstance warranting equitable tolling.[2]

Magistrate Judge Davison found that Petitioner had not presented evidence of actual innocence that would justify disregarding the one-year limitations period. (R&R at 9-10.) Petitioner does not dispute that fact, but in his objections he argues that his jury heard only a portion of a videotaped statement of a co-defendant; that that co-defendant initially cooperated with the prosecution but later said he did not want to commit perjury; and that the full videotape would have exculpated Petitioner. (Doc. 25 at 3-4.) In his "Addendum" to his objections,[3] he provides post-arrest statements of co-defendants that do not mention him. (Doc. 25-1.) Because this information was not before the Magistrate Judge, Petitioner cannot rely on it in his objections. *See Tavares v. City of N.Y.*, No. 08-CV-3782, 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (evidence not submitted to magistrate judge is not properly considered by district

---

[1] The Court will send Petitioner copies of unpublished decisions cited in this Order.

[2] Further, lack of the transcript did not prevent Petitioner from filing his state *coram nobis* petition based "on things Petitioner remembered from [his] trial," (Doc. 25 at 1), and he presents no reason why he could not have done the same for his federal *habeas* petition.

[3] The "Addendum," (Doc. 25-1), was received after the deadline for objections.

3

court) (collecting cases).[4]

I have reviewed the portions of the Petition as to which no objection has been raised, and find no error, clear or otherwise.

Accordingly, the R&R is adopted as the decision of the Court. The motion to dismiss is GRANTED and the Petition is DISMISSED as time-barred. As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2). The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 17), and close the case.

**SO ORDERED.**

Dated: June 23, 2017
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[4] In any event, a claim of actual innocence must be "credible" in that it is supported "by new reliable evidence [such as] exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and it must be "compelling," in "that more likely than not [it would cause] any reasonable juror [to] have reasonable doubt," *House v. Bell*, 547 U.S. 518, 521, 538 (2006). That a co-defendant at one point inculpated and at another exculpated Petitioner, (Doc. 25 at 3-4), or that other co-defendants did not inculpate Petitioner, (Doc. 25-1 at 1-2), hardly meets these standards, particularly given that none of the provided statements mentions the getaway driver (Petitioner's alleged role) one way or the other.